IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MURPHY OIL USA, INC., a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ELMER MYERS ARMSTRONG, an individual, and FRIEDA ARMSTRONG, an individual<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:06-cv-16-SRW<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Murphy Oil USA, Inc. ("Murphy Oil"), submits the following Narrative Summary of Undisputed Facts and Memorandum of Law in Support of Motion for Summary Judgment.

### NARRATIVE SUMMARY OF UNDISPUTED FACTS

1. On or about August 5, 1997, Elmer Myers and Frieda Armstrong (the Armstrongs) signed a Guaranty of Payment and Performance in which they unconditionally and irrevocably guaranteed to pay any debts incurred and unpaid by Price Oil, Inc., in addition to costs and expenses incurred in enforcement of the Guaranty. (Exhibit 1, Guaranty of Payment and Performance, paragraph 1).

{B0601852}

2. The signatures on the Guaranty of Payment and Performance are true and correct signatures of the Armstrongs. (Exhibit 2, Murphy Oil's Requests for Admissions, paragraph 4).

3. The Guaranty of Payment and Performance was executed and provided in exchange for an extension of credit to Price Oil, Inc. (Exhibit 2, paragraph 1).

4. The Armstrongs received good and valuable consideration from Murphy Oil in exchange for the personal guaranty. (Exhibit 2, paragraph 3).

5. By the terms of that personal guaranty, the Armstrongs agreed to pay, on demand, the unpaid obligations of Price Oil to Murphy Oil, including reasonable attorney's fees and costs of litigation. (Exhibit 2, paragraph 7).

6. Furthermore, the execution of the personal guaranty was made by the Armstrongs without mistake, misrepresentation, force, duress, intimidation or fraud. (Exhibit 2, paragraph 5).

7. In December 2005, Murphy Oil shipped petroleum and petroleum related products to Price Oil totalling $259,585.75. (Exhibit 2, paragraph 8).

8. Following those shipments, Price Oil failed to remit payment for shipments of petroleum and petroleum related products made in December 2005. (Exhibit 2, paragraph 9).

{B0601852}

9. The Armstrongs failed to pay Murphy Oil for the debts incurred by Price Oil in violation of their Guaranty of Payment and Performance. (Exhibit 2, paragraph 10).

10. As a result of the Armstrongs continuing failure to remit, Murphy Oil has lost the petroleum products delivered and received no consideration for those products with the exception of the amount of $66,246.28 which it received from attorneys for Price Oil in its bankruptcy proceeding in payment of Murphy Oil's Section 503(b)(9) claim. (Exhibit 2, paragraph 10; Exhibit 3, Affidavit of Laura Brown).

## MEMORANDUM OF LAW AND CITATION TO AUTHORITY

### I. Breach of Contract

Murphy Oil is entitled to summary judgment on the breach of contract count because the Guaranty of Payment and Performance is a valid, binding contract. "The elements of a breach of contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." Riley v. Fairbanks Capital Corp., No. 2:04-CV-797-WKW, 2006 WL 317242, at *3 (M.D. Ala. Feb. 9, 2006) (quoting Reynolds Metals Co. v. Hill, 825 So. 2d 100, 105-06 (Ala. 2002) (citing State Farm Fire & Cas. Co. v. Slade, 747 So. 2d 293, 303 (Ala. 1999). All

of the elements are satisfied in this case based on the Armstrong's admissions[1] and the Guaranty of Payment and Performance. Because the elements of a valid contract are satisfied, and the Armstrongs have tendered no defense to the validity of the contract, summary judgment is proper for Murphy Oil in this case.

Respectfully submitted,

s/John P. Scott, Jr.
John P. Scott, Jr.
Bryan G. Hale
Attorneys for Plaintiff Murphy Oil USA, Inc.

**OF COUNSEL:**
Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, AL 35259-8512

---

[1] Murphy Oil submitted Requests for Admissions on April 6, 2006. Armstrong's counsel requested an extension to respond to these Requests until May 25, 2006. Although the extension was granted by this Court, no responses were submitted. Pursuant to FED. R. CIV. P. 36, the Requests for Admission are admitted.

{B0601852}

## CERTIFICATE OF SERVICE

     I hereby certify that on June __, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    hdm@mooty-assoc.com

     And hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    H. Dean Mooty, Jr., Esq.
    MOOTY & ASSOCIATES, P.C.
    600 Clay Street
    Montgomery, Alabama 36104

                               s/John P. Scott, Jr.
                               John P. Scott, Jr.
                               Bryan G. Hale
                               Starnes & Atchison LLP
                               100 Brookwood Place, 7th Floor
                               P.O. Box 598512
                               Birmingham, Alabama 35259-8512
                               (205) 868-6038
                               (205) 868-6099 (facsimile)
                               jps@starneslaw.com
                               bgh@starneslaw.com
                               Attorneys for Defendant Murphy Oil USA, Inc.