## GUARANTY OF PAYMENT AND PERFORMANCE

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00) and other valuable consideration to the undersigned Guarantors in hand paid by MURPHY OIL USA, INC., a Delaware corporation, (herein referred to as "Murphy"), the receipt and sufficiency of which is hereby acknowledged, and for the further consideration that Murphy sell and deliver to:

> Price Oil, Inc.
> P. O. Box 210249
> Montgomery, AL 36121-0249

(herein referred to as "Purchaser"), on such basis (credit, cash or otherwise) as may from time to time be set by Murphy, petroleum products and/or merchandise in such quantities as said Purchaser may, from time to time, order from or contract for with Murphy (hereinafter sometimes referred to as the Agreement), the undersigned:

| | |
|---|---|
| Elmer Myers Armstrong | Freida Armstrong |
| P. O. Box 210249 | P. O. Box 210249 |
| Montgomery, AL 36121-0249 | Montgomery, AL 36121-0249 |

(herein referred to as "Guarantors"), who are directly interested in and will be financially benefited by the business success of Purchaser, do hereby unconditionally agree with Murphy as follows:

1. **GUARANTY**

    Guarantors hereby unconditionally and irrevocably guarantee to Murphy, its successors and assigns, the full and punctual performance and payment by Purchaser of the aforesaid Agreement. Such performance and payment to include, but not be limited to, all payments, interest, losses, liabilities, costs, damages and incidental expenses (together with all renewals, extensions and rearrangements of all or any of the foregoing) for which Purchaser is or may hereafter become liable or obligated to Murphy under, by virtue of or in respect to the aforementioned Agreement (such performance and payment obligation of Purchaser being hereinafter referred to as "Obligations"). Guarantors also hereby unconditionally and irrevocably guarantee to Murphy, its successors and assigns, the full and punctual performance and payment by Purchaser of the lease rentals and other amounts as and when due under any lease(s) between Purchaser and Murphy if any such agreements exist now or at anytime in the future (such payment and performance obligation of Purchaser being herein also referred to as "Obligations"). Guarantors further agree to pay to Murphy upon demand, any and all costs (including, without limitation, reasonable attorney's fees and the costs of litigation) and expenses which may be paid or incurred by Murphy in collecting or compromising the Obligations or in enforcing this Guaranty against Guarantors.

    In each event whenever any of the Obligations shall become due and remain unpaid, Guarantors will, on demand, pay the amount due thereon to Murphy.

2. NATURE OF GUARANTY

This Guaranty is a guarantee of payment, and not a guarantee of collection.

3. INDULGENCE: WAIVER OR MODIFICATION OF THE CONTRACT AND THE OBLIGATIONS

Guarantors agree that no renewal, extensions or rearrangement or any other indulgence with respect to the Obligations, or any part thereof, no release of or substitution for any security or other guaranty now or hereafter held by Murphy for payment of the Obligations, or of any part thereof, no release of the Purchaser or of any other person primarily or secondarily liable on the Obligations, or any part thereof (including any maker, endorser, guarantor or surety), no delay in enforcement of payment of the Obligations, or any part thereof and no delay in omission or lack of diligence or care in exercising any right or power with respect to the Obligations or any security therefor or guaranty thereof or under this Guaranty shall in any manner impair or affect the rights of Murphy or the Obligations and liabilities of Guarantors hereunder.

4. PRIMARY LIABILITY

Guarantors agree that the obligation and liability of Guarantors for the performance and payment of the Obligations shall be primary and not secondary, and Guarantors hereby waive all or any of their rights as to surety which may at any time be inconsistent with any of the provisions of this Guaranty. Guarantors further agree that they are both jointly and severally liable for the Obligations.

5. TERM AND REINSTATEMENT

This Guaranty is an absolute and continuing guarantee and shall not be wholly or partially satisfied or extinguished by Guarantors' payment of any amount hereunder. This Guaranty shall not be revoked until all lease agreements between Purchaser and Murphy have terminated and Guarantors shall have given notice in writing not to rely on the security of this Guaranty and this Guaranty shall not be deemed to have been so revoked or cancelled until such written notice shall have been delivered to the office of Murphy Oil USA, Inc., Credit Department, 200 Peach Street, El Dorado, Arkansas 71730 by Certified Mail, Return Receipt Requested. A copy of this Guaranty has been retained by Guarantors and must be submitted to Murphy, along with such written notice of revocation of this Guaranty, for endorsement by Murphy of receipt of such notice and such endorsement shall be conclusive as evidence of such receipt.

Furthermore, this Guaranty shall be reinstated, if at any time performance or payment, or any part thereof, of any Obligations is rescinded or otherwise be restored or returned by Murphy upon the insolvency or bankruptcy of Purchaser, or otherwise, all as though such performance and/or payment had not been made.

6. GUARANTY ABSOLUTE

The obligations of Guarantors hereunder shall be absolute and unconditional irrespective of the validity, legality or enforceability of any or all of the Agreement or any or all of the Obligations, or any other circumstances which might otherwise constitute a legal or equitable discharge of a Guarantor or of the Purchaser, it being agreed that the Obligations of Guarantors hereunder shall not be discharged except by

performance and payment as herein provided or by discharge by Purchaser of the Obligations. Without limiting the generality of the foregoing sentence, Guarantors hereby expressly waive any defense arising by reason of any disability, insolvency or any contract defense or any other defense whatsoever (now or hereafter existing or occurring) of the Purchaser or of any Guarantor of the Obligations.

7. WAIVER

Guarantors hereby waive acceptance and notice of acceptance of this Guaranty, grace, presentment, demand, notice of demand, protest and dishonor with respect to the Obligations, notice of the occurrence of any default under the Agreement, notice of the amount of the Obligations outstanding at any time, notice of nonpayment of the Obligations, and any other notices of any kind whatsoever, with respect to any or all of the Obligations. Guarantors further waive any right they may have to promptness in making any claim or demand hereunder.

8. ENFORCEMENT OF GUARANTY

Murphy may proceed to exercise any right or remedy which it may have under this Guaranty without pursuing or exhausting any right or remedy which Murphy may have against Purchaser or any other person, and without pursuing or exhausting any other right or remedy in Murphy's power whatsoever.

9. SUBROGATION

Guarantors will not exercise any rights which they may have acquired by way of subrogation under this Guaranty, by any performance or payment made hereunder or otherwise, unless and until all of the Obligations shall have been performed and paid in full; and if any payment shall be made to Guarantors on account of such subrogation rights at any time when all of the Obligations shall not have been paid in full, each and every amount so paid will be forthwith paid to Murphy to be credited and applied upon any Obligations as Murphy may deem proper.

10. NO WAIVER; AMENDMENTS, ETC.

No failure or delay on the part of Murphy in exercising any right, power or remedy hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of such right, power or remedy preclude any other or further exercise thereof or the exercise of any other right, power or remedy hereunder. No amendment, modification, termination or waiver of any provision of this Guaranty, nor consent to any departure by Guarantors therefrom, shall in any event be effective unless the same shall be in writing and signed by Murphy, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given. No notice to or demand on Guarantors in any case shall entitle Guarantors to any other or further notice or demand in similar or other circumstances.

11. ASSIGNMENT

This Guaranty, and all the terms, provisions and conditions hereof shall be binding upon Guarantors, their successors and assigns, and shall inure to the benefit of and be enforceable by Murphy, its successors and assigns.

12. **NOTICES**

   All notices, requests, demands and other communications related to this Guaranty, except as specifically provided in Paragraph No. 5 shall be in writing, and shall be mailed or delivered to the following addresses:

   | | |
   |---|---|
   | If to Murphy | Murphy Oil USA, Inc.<br>Credit Department<br>200 Peach Street<br>El Dorado, Arkansas 71730 |
   | If to Guarantors | Elmer Myers Armstrong<br>P. O. Box 210249<br>Montgomery, AL 36121-0249<br><br>Freida Armstrong<br>P. O. Box 210249<br>Montgomery, AL 36121-0249 |

   and shall be effective when deposited in the United States mails, postage prepaid and addressed as aforesaid; provided, however, that actual notice, however given or received, shall always be effective when received; and provided further that either party shall have the continuing right to change its address for notice at any time or times by the giving of ten (10) days' notice in the manner hereinabove described. Nothing in this Paragraph No. 12 shall be construed to affect or impair any waiver of notice or demand herein or to require giving of notice or demand to or upon Guarantors in any situation or for any reason.

13. **GOVERNING LAW**

   This Guaranty and all acts and transactions hereunder shall be deemed to have been made under, and shall be construed and interpreted in accordance with the laws of the State in which Guarantors execute this Guaranty, excluding any conflicts-of-law, rule or law which might refer such construction and interpretation to the laws of another state, republic or country.

14. **SEVERABILITY**

   If any provision of this Guaranty or the application thereof to any person or circumstance shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Guaranty nor the application of such provision to any other persons or circumstances shall be affected thereby, but rather same shall be enforced to the greatest extent permitted by law.

15. **PARAGRAPH HEADINGS: NUMBER: GENDER: PERSON AND PARTY**

   The Paragraph headings inserted in this Guaranty have been included for convenience only and are not intended, and shall not be construed, to limit or define in any way the substance of any paragraph contained herein. As used herein and when required by the context, each number (singular and plural) shall include all numbers, and each gender shall include all genders; and unless the context otherwise requires the word "person" or "party" shall include "person, corporation, firm, partnership or association."

16. PLACE OF PAYMENT

    All amounts becoming payable by Guarantors to Murphy under this Guaranty shall be payable at 200 Peach Street, El Dorado, Arkansas 71730.

17. COUNTERPARTS

    This Guaranty may be executed in multiple counterparts, each of which shall be an original, but all of which shall constitute but one instrument.

18. RELIANCE BY MURPHY

    Guarantors expressly acknowledge that Murphy, in determining to do business with Purchaser has relied on this Guaranty and would not have done business with Purchaser but for this Guaranty.

    IN WITNESS WHEREOF, this Agreement has been executed by Guarantors on this the ___5___ day of ___August___, 19_97_.

    _____
    Elmer Myers Armstrong

    _____
    Freida Armstrong

STATE OF Alabama

COUNTY OF Montgomery

ACKNOWLEDGMENTS

    On this the ___5___ day of ___August___, 19_97_ before me, the undersigned Notary Public, personally appeared _Myers Armstrong & Freida Armstrong_ known to me to be the person whose name is subscribed to the within Guaranty of Payment and Performance and acknowledged that ___ executed the same for the purposes therein contained.
    IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal.

    _____
                    Notary Public

My Commission Expires:

_Sept 14, 1998_