IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MURPHY OIL USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06CV16-SRW |
| | ) | (WO) |
| ELMER MYERS ARMSTRONG and | ) | |
| FRIEDA ARMSTRONG, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Murphy Oil USA, Inc. ("Murphy Oil") brings this diversity action against defendants Elmer Myers Armstrong and Frieda Armstrong, alleging that the Armstrongs are liable to it for breach of a guaranty contract involving the sale of petroleum products by Murphy Oil to Price Oil, Inc. Murphy Oil asserts that there is no genuine issue of material fact regarding whether the Armstrongs breached the contract and, thus, that it is entitled to summary judgment on its claim. Although defendants were given an opportunity to do so, they have not responded to the motion for summary judgment.[1] Upon consideration of plaintiff's motion for summary judgment, the court concludes that it is due to be granted.

---

[1] Defendants' attorney has notified the court that the Armstrongs are without resources to defend this action, that he does not know their whereabouts and, therefore, that no response will be filed. (Doc. # 26).

## UNDISPUTED FACTS[2]

In August 1997, defendants Elmer Myers Armstrong and Frieda Armstrong signed an agreement guaranteeing payment to Murphy Oil for petroleum products sold and delivered to Price Oil, Inc.  In December 2005, plaintiff delivered petroleum products to Price Oil, Inc. for the price of $259,585.75.  Price Oil failed to tender either full or partial payment to Murphy Oil within twelve days of the ship date and did not thereafter make any payment on this debt.  Subsequently, Murphy Oil received the amount of $66,246.28 pursuant to a claim it made against Price Oil's bankruptcy estate.  Price Oil's remaining debt to Murphy Oil for the petroleum products delivered to Price Oil in December 2005 is $193,339.47 – that is, $259,585.75, the value of the products, minus $66,246.28, the amount recovered by Murphy in the Price Oil bankruptcy proceeding.   The Armstrongs have not made any payment to Murphy Oil on this debt.

## THE SUMMARY JUDGMENT STANDARD

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions that it believes show an absence of any genuine

---

[2] These facts are set forth in the only evidence filed on the present motion, the affidavit of Laura Brown, plaintiff's requests for admissions (which are deemed admitted by operation of Fed. R. Civ. P. 36 due to defendants' failure to respond to the requests), and the guaranty contract. (Plaintiff's Exhibits 1-3).  As it is required to do, the court has viewed the evidence presented on the motion for summary judgment in the light most favorable to the defendant.  Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992).  The court considers any objections not made to the use or admissibility of the evidence to be waived for purposes of this motion.  Davis v. Howard, 561 F.2d 565, 570 (5th Cir. 1977).

issue of material fact. Hairston v. Gainesville Publishing Co., 9 F.3d 913 (11th Cir. 1993).

For summary judgment purposes, an issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Matsushita Electrical Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

Where, as here, the moving party will bear the burden of proof at trial,

that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to summary judgment unless the non-moving party, in response, come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993)(quoting United States v.

3

Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)(*en banc*)).

## DISCUSSION

To establish a breach of contract under Alabama law, Murphy Oil must prove: (1) the existence of a valid contract; (2) Murphy Oil's performance under the contract; (3) defendants' failure to perform; and (4) damages. Reynolds Metals Co. v. Hill, 825 So.2d 100, 105 (Ala. 2002).

Existence of a contract.  Plaintiff has introduced the written guaranty contract signed by both defendants guaranteeing payment for petroleum products delivered to Price Oil by Murphy Oil.  (Plaintiff's Exhibit 1; Plaintiff's Exhibit 2, Admission Nos. 1-7).

Plaintiff's performance.  Plaintiff has filed evidence that, in December 2005, plaintiff provided petroleum products to Price Oil, Inc. for the price of $259.585.75.  (Brown aff., ¶ 4; Admission No. 7).

Defendant's failure to perform.  According to Brown's affidavit testimony, the only payment made by Price Oil on the December 2005 shipment was $66,246.28 made pursuant to plaintiff's claim in Price Oil's bankruptcy proceeding, and no payment has been made on the debt by defendants.  (Brown aff., ¶ 5; Admission Nos. 9-10).

Damages.  Plaintiff has filed evidence establishing that a balance of $193,339.47 remains outstanding on the debt.  (Brown aff., ¶ 6).

## CONCLUSION

The evidence filed by plaintiff is uncontroverted, and it establishes the absence of a genuine issue of material fact regarding plaintiff's claim against defendants for breach of

contract.[3]  Accordingly, it is

ORDERED that the motion for summary judgment is GRANTED.  A separate

judgment will be entered.

DONE, this 7th day of July, 2006.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[3]  Additionally, plaintiff  is entitled to summary judgment by virtue of Section 6 of the
Uniform Scheduling Order entered on June 7, 2006, which states: "The failure to file a response to
any motion – either dispositive or non-dispositive – within the time allowed by the court shall
indicate that there is no opposition to the motion." (Doc. # 19).